NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1807
_____

UNITED STATES OF AMERICA

v.

FREDERICO ROSARIO,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:23-cr-00081-001)
U.S. District Judge:  Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 15, 2026
_____

Before:  SHWARTZ, MASCOTT, and McKEE, <u>Circuit Judges</u>.

(Filed: May 18, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Frederico Rosario appeals his drug convictions and sentence. His counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). We agree and will grant the motion and affirm.

I

Rosario sold controlled substances on multiple occasions to a minor, J.R. On one occasion, J.R. texted Rosario about exchanging firearms for cocaine and sent Rosario pictures of the firearms.[1] During their final transaction, Rosario provided J.R. with a white powdery substance that J.R. believed to be cocaine.[2] The next morning, J.R.'s mother found J.R. dead, and toxicological analysis confirmed the cause of death was fentanyl toxicity.

Rosario was indicted on eleven counts, including (1) three counts of possession with intent to distribute cocaine (the "drug counts"), and (2) one count of distribution and possession with intent to distribute cocaine and fentanyl resulting in death and serious bodily injury (the "death-resulting count"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).[3]

Before trial, Rosario filed a motion in limine to exclude the text messages about the proposed exchange of firearms for drugs. The District Court denied the request and

---

[1] There is no evidence that the firearms were ever exchanged.
[2] The night of the sale, J.R. texted Rosario to ask what was in the substance he bought, but Rosario did not respond to the message.
[3] Rosario was also charged with production of child pornography and conspiracy to traffic firearms but those charges were dismissed before trial.

held that (1) the text messages related to the exchange of firearms for drugs were evidence intrinsic to the charges, and (2) in the alternative, the text messages were admissible extrinsic evidence under Federal Rule of Evidence 404(b) because they were relevant to identity, intent, and a plan to sell drugs.

The jury convicted Rosario of the drug counts and death-resulting count, and the District Court sentenced him to 240 months' imprisonment on the drug counts and 288 months' imprisonment on the death-resulting count, to run concurrently.[4] The Court arrived at this sentence based on a total Sentencing Guideline offense level of 38, and a criminal history category of I, which resulted in a Guidelines range of 240[5] to 293 months' imprisonment. The District Court then considered the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense, Rosario's apparent lack of remorse, and the impact on the minor victim and his family.

Rosario filed a notice of appeal, and Rosario's counsel moved to withdraw under Anders.

## II[6]

### A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme

---

[4] The District Court also sentenced Rosario to three years' supervised release and ordered him to pay a $100 special assessment for each count of conviction.

[5] The bottom of the Sentencing Guidelines range was 240 months because the death-resulting count carries a 240-month statutory mandatory minimum.

[6] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988).

Court promulgated in Anders to [ensure] that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Rule 109.2(a) allows defense counsel to file a motion to withdraw and a supporting brief when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300. An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the Anders brief to see if counsel: (1) thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, and (2) explained why those issues are frivolous. See United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022); United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000). If the Anders brief meets these requirements," "we confine our scrutiny to those portions of the record identified." See Youla, 241 F.3d at 301.

Defense counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues warranting appeal. First, the brief demonstrates a thorough examination of the record and identifies as potentially appealable issues (1) the District Court's jurisdiction, (2) the District Court's order denying Rosario's motion in limine, and (3) the reasonableness of Rosario's sentence. Second, the brief explains why any challenge to the conviction or sentence on these

4

grounds would be frivolous under the governing law. Counsel's <u>Anders</u> brief is therefore sufficient, and we will proceed to review the issues counsel identified.[7]

B

1

Rosario's counsel correctly noted that the District Court had jurisdiction. United States district courts have jurisdiction over federal offenses. 18 U.S.C. § 3231. Rosario was indicted for violating 21 U.S.C. § 841(a)(1) and (b)(1)(C), which are federal offenses. Thus, there is no issue of arguable merit concerning the District Court's jurisdiction.

2

Rosario's counsel raised one trial-related issue that may have arguable merit: whether the District Court erred in admitting the text messages related to the exchange of firearms for drugs.[8] However, any argument that the District Court abused its discretion by admitting this evidence is frivolous.

Evidence is "intrinsic" to a charged offense when it (1) "directly proves" that offense, or (2) concerns "uncharged acts performed contemporaneously with the charged crime . . . [that] facilitate[d] the commission of the charged crime." <u>United States v. Green</u>, 617 F.3d 233, 249 (3d Cir. 2010) (internal citation omitted). The District Court correctly concluded that the text messages were intrinsic to the charged offense because

---

[7] Rosario was provided the opportunity to file a <u>pro se</u> brief, but he did not do so.
[8] "We review the District Court's decision to allow or exclude evidence for abuse of discretion." <u>United States v. James</u>, 955 F.3d 336, 342 n.2 (3d Cir. 2020).

they are direct proof of a charged drug transaction. Admitting the messages was not an abuse of discretion, and therefore there are no nonfrivolous issues related to the admission of this evidence.

3[9]

There are also no nonfrivolous issues related to Rosario's procedurally and substantively reasonable sentence. With respect to procedural reasonableness, the District Court followed the required sentencing framework by (1) correctly calculating the applicable Guidelines range based on the facts adduced at trial and Rosario's criminal history, and (2) meaningfully considering the § 3553(a) factors, including the seriousness of the offense, Rosario's apparent lack of remorse, and the impact on the minor victim and his family. See United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).[10]

The sentence was also substantively reasonable because we cannot say "no reasonable sentencing court would [not] have imposed the same sentence . . . for the reasons the district court provided." Id. at 568. First, the sentence was within the applicable Guidelines range and is thus presumptively reasonable. Rita v. United States, 551 U.S. 338, 347 (2007). Second, Rosario's sentence reflects consideration of the

---

[9] Because Rosario did not object to the procedural reasonableness of his sentence before the District Court, we review any procedural challenge to his sentence for plain error. United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 46, 51 (2007).

[10] The District Court also declined to consider (1) evidence that Rosario had a sexual relationship with J.R. because that "information ha[d] no impact on the [G]uidelines" calculation and (2) Rosario's juvenile record. App. 44.

seriousness of his conduct, which resulted in the death of a seventeen-year-old boy, and the need for punishment and deterrence. Thus, any challenge to the substantive reasonableness of Rosario's sentence is meritless.

## III

Because counsel thoroughly examined the record and identified no nonfrivolous grounds for appeal, we will grant counsel's motion to withdraw and affirm.